IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
EDWARD JENNINGS,              )
                              )
    Petitioner,               )
                              )
                              )    CIVIL ACTION NO.
    v.                        )     2:22cv511-MHT
                              )          (WO)
ROLANDA CALLOWAY, Warden,     )
and STEVEN T. MARSHALL,       )
Attorney General for the      )
State of Alabama,             )
                              )
    Respondents.              )
```

ORDER

Petitioner mailed to the court a motion for an extension of time to respond to the report and recommendation of the magistrate judge.  Because petitioner failed to sign the document, the clerk of court mailed the motion back to petitioner with a notice stating, "The enclosed pleading received on 10/09/2024 is being returned to you as they do not conform with Federal Rules-Civil Procedure (FRCP) and the procedural order of 10/17/2022.  You were advised

by the court per that order that any pleadings not in compliance would not be accepted for filing by the court. The attached Order directed the clerk to return any deficient pleadings." Notice (Doc. 22). (No order was attached to the notice.) The notice further states, "You may re-file said pleading when it is in compliance with the directives of this Court." *Id.* No deadline for doing so was provided.

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number [if available]." Fed. R. Civ. P. 11(a).

The Rule further requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Because a court cannot strike

2

a document that has not first been filed, and because only a judge can enter an order to strike a document, the court interprets Rule 11(a) as requiring the following procedure in the case of a pro se individual's filing that lacks a signature.  First, the noncompliant document from the pro se individual shall be filed on the docket, just as a document submitted by a lawyer would be.  The court should then give notice to the pro se individual that the document needs to be corrected by a certain date. (If the individual is a prisoner, the court should give adequate time in light of the delays typically involved in prison mail.)  If the individual does not correct the document by the deadline, the document should then be ordered stricken.

\*\*\*

Accordingly, it is ORDERED that:

(1) The clerk of court shall file petitioner's motion for extension of time (Doc. 22-1) on the docket.

(2) Petitioner shall have until November 18, 2024,

3

to refile a motion for an extension of time with a proper signature.

DONE, this the 4th day of November, 2024.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE